**F I L E D**

**UNITED STATES COURT OF APPEALS**

**March 29, 2007**

**TENTH CIRCUIT**

LEE TRAYLOR,

        Plaintiff - Appellant,

    v.

TERRY JENKS,

        Defendant - Appellee.

No. 06-6314

W.D. Oklahoma

(D.C. No. CIV-05-1167-R)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Lee Traylor, appearing *pro se*, appeals from the district court's dismissal of his complaint brought pursuant to 42 U.S.C. § 1983. He claims constitutional violations arise from statutory changes which reduced his parole consideration

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

from every year to every three years.  Finding the appeal frivolous, we dismiss.

*Background*

Traylor is serving a life sentence in the Oklahoma corrections system for a 1962 conviction of first degree rape.  He was paroled in December 1973, but committed another offense for which he was sentenced to two years imprisonment in 1979.  In 1980, after completing his two year sentence, he was rebilled to complete his life sentence.  At the time of his 1962 conviction, an inmate's parole opportunities were governed by the Forgotten Man Act, Okla. Stat. tit. 57, § 332.7 (1971).  According to Traylor, under the Forgotten Man Act he was eligible for parole consideration every twelve months.

The Oklahoma legislature repealed the Forgotten Man Act in 1997 and replaced it with the Truth in Sentencing Act.  Okla. Stat. tit. 57, § 332.7 (1997).  Under the Truth in Sentencing Act, a person who committed a violent crime before July 1, 1998, and has been denied parole, is eligible for reconsideration at least once every three years.  Okla. Stat. tit. 57 § 332.7 (A) & (D)(1).  On October 5, 2005, Traylor filed a 42 U.S.C. § 1983 complaint alleging the Oklahoma Pardon & Parole Board's application of the Truth in Sentencing Act to his case violates his substantive due process rights under the Fourteenth Amendment and the *ex post facto* clause of the United States Constitution, art. I, § 10, cl. 1.  In his complaint Traylor stated the Board scheduled his parole reconsideration every three years since the passage of the Truth in Sentencing Act (1999, 2002, 2005

and currently 2008) rather than the annual review to which he claims to be entitled.

The district court referred the case to the magistrate judge pursuant to 28 U.S.C. § 636. The magistrate issued an order for Traylor to show cause why his claim should not be dismissed because it was filed outside the two year statute of limitations. In response, Traylor argued each scheduling of parole reconsideration constituted a separate offense and, because he filed his claim within two years of the last rescheduling in 2005, his claim was timely.

On August 30, 2006, pursuant to 28 U.S.C. §§ 636(b)(1)(C) and 1915A(a), the magistrate judge issued a thorough report and recommendation. He determined Traylor was aware of the factual predicate for his claim by 2000, when he was not granted an annual review. *See Brown v. Georgia Bd. Of Pardons & Paroles*, 335 F.3d 1259, 1262 (11th Cir. 2003) ("[S]uccessive denials of parole do not involve separate factual predicates and therefore do not warrant separate statute-of-limitations calculations."). Based on such knowledge, the magistrate recommended dismissal because Traylor failed to timely file his claim. In the alternative, the magistrate concluded Traylor failed to state a claim upon which relief could be granted because he did not demonstrate how the application of the statutory amendment created a significant risk of increasing his punishment. *See Garner v. Jones*, 529 U.S. 244, 255 (2000) ("When the rule does not by its own terms show a significant risk, the respondent must demonstrate, by

evidence drawn from the rule's practical implementation by the agency charged with exercising discretion, that its retroactive application will result in a longer period of incarceration than under the earlier rule."); *see also California Dep't of Corr. v. Morales*, 514 U.S. 499, 507 n.3 (1995) ("[T]he focus of the *ex post facto* inquiry is not on whether a legislative change produces some ambiguous sort of disadvantage, nor . . ., on whether an amendment affects a prisoner's opportunity to take advantage of provisions for early release, but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable." (quotations and citations omitted)).

Traylor objected to the magistrate's conclusions and recommendation arguing the statute of limitations should be equitably tolled because prison law library policies prevented him from discovering the case law apprising him of his legal rights. He also raised a new argument on the merits claiming the Truth in Sentencing Act changed the calculation of a life sentence, for the purposes of parole, from 45 years to 60 years. Over Traylor's objections, the district judge adopted the magistrate's report and recommendation in its entirety. Traylor's statute of limitations argument was rejected because a civil rights action accrues when the facts are apparent, not upon discovery of the legal basis for suit. *See Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995). The district judge fully concurred in the findings and conclusions of the magistrate and refused to consider arguments not raised with the magistrate. *United States v. Garfinkle*,

261 F.3d 1030, 1031 (10th Cir. 2001) (issues not raised until objections to magistrate judge's report are deemed waived).

The district court dismissed Traylor's claim as frivolous under 28 U.S.C. § 1915A and imposed a strike pursuant to 28 U.S.C. § 1915(g) upon the exhaustion or waiver of Traylor's appeal rights. Traylor filed this appeal accompanied by a request to proceed *in forma pauperis* (*ifp*).

*Discussion*

Traylor fails to present a cogent argument, resorting instead to conclusory statements without benefit of relevant legal citation. We agree in all respects with the well-reasoned report and recommendation of the magistrate judge adopted by the district court. Traylor's appeal is "without merit in that it lacks an arguable basis in either law or fact." *Thompson v. Gibson,* 289 F.3d 1218, 1222 (10th Cir. 2002).

We DENY his motion to proceed *ifp* and DISMISS this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Traylor is responsible for the immediate payment of the unpaid balance of the appellate filing fee.

The dismissal of Traylor's complaint by the district court and the dismissal of this appeal each count as a strike pursuant to 28 U.S.C. § 1915(g). *Jennings v. Natrona County Det. Ctr. Med. Facility,* 175 F.3d 775, 780 (10th Cir.1999) (dismissal by district court as frivolous under § 1915(e)(2)(B) followed by appellate dismissal on the same basis counts as two strikes). Should Traylor

garner one more strike he will no longer be permitted to proceed *ifp* in any civil action filed in a federal court unless he is in imminent danger of physical injury. 28 U.S.C. § 1915(g).

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge