**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 10, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BEN JONES,

      Plaintiff-Appellant,

      v.

THE HONORABLE BRAD HENRY,
Governor of the State of Oklahoma;
EXECUTIVE DIRECTOR TERRY
JENKS, OKLAHOMA PARDON AND
PAROLE BOARD,

      Defendants-Appellees.

No. 07-6139

(Case No. CIV-06-202-R)

(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

Plaintiff, a state prisoner proceeding pro se, filed this 42 U.S.C. § 1983

action in February 2006, arguing that the 1998 amendments to Oklahoma's parole

procedures violate the constitutional prohibition against ex post facto laws.

Adopting the magistrate judge's report and recommendation, the district court

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2). The case is therefore ordered submitted without oral argument.

found Plaintiff's claim barred by the applicable statute of limitations. Plaintiff appeals the dismissal of his claim.

Plaintiff was convicted of first degree murder in 1974. In 1998, the Oklahoma state legislature amended the statutory provisions regarding parole to provide that, unless "otherwise directed" by the parole board, any individual who has been convicted of a violent crime and who has previously been denied parole will not be reconsidered for parole more frequently than once every three years. Okla. Stat. tit. 57, § 332.7(D) (2004). The parole board denied Plaintiff parole in 1999, 2002, and 2005. With each denial, his next parole consideration date was set for three years later. Plaintiff argues that he is entitled to annual parole consideration based on prior Oklahoma law and that the 1998 amendments violate the Ex Post Facto Clause of the Constitution.

We review de novo the district court's dismissal of this action on statute of limitations grounds. *Sterlin v. Biomune Sys.*, 154 F.3d 1191, 1194 (10th Cir. 1998). A § 1983 claim arising in Oklahoma is subject to a two-year statute of limitations. *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1998).

In *Traylor v. Jenks*, 223 F. App'x 789 (10th Cir. 2007), we considered a § 1983 claim challenging the same amendments at issue here. We affirmed the district court's dismissal of the claim based on the statute of limitations, agreeing with the magistrate judge's conclusion that the prisoner "was aware of the factual predicate for his claim by 2000, when he was not granted an annual review." *Id.*

at 790. We find this reasoning persuasive in the instant case.

Plaintiff received parole consideration in 1999 and then in 2002. Like the plaintiff in *Traylor*, he knew of the factual basis for his claim at the latest when he failed to receive parole consideration in 2000. We reject Plaintiff's argument that each denial of parole consideration is a separate cause of action for statute of limitations purposes. *See Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1262 (11th Cir. 2003) ("[S]uccessive denials of parole do not involve separate factual predicates and therefore do not warrant separate statute-of-limitations calculations."). We thus hold that Plaintiff's cause of action accrued in 2000 at the latest.

We find no basis for equitable tolling. Oklahoma law permits tolling only in limited circumstances that are not present here. *See Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004). We are unpersuaded by Plaintiff's argument that the Supreme Court's decision in *Wilkinson v. Dotson*, 544 U.S. 74 (2005), extended his time for filing suit. The Court's clarification that a prisoner may challenge parole procedures through a § 1983 suit does not revive the expired statue of limitations for Plaintiff's cause of action. As the district court correctly noted, Plaintiff had the right to challenge the parole amendments prior to the Court's decision in *Wilkinson*, and he cannot rely upon "the uncertainties of controlling law" to toll the statute of limitations. *Versluis v. Town*, 154 F.2d 935, 943 (10th Cir. 1946). We also note that this circuit allowed at least one prisoner

to challenge similar parole amendments by means of a § 1983 action prior to the Supreme Court's *Wilkinson* decision.  *See Raymer v. Enright*, 113 F.3d 172 (10th Cir. 1997).

Plaintiff's cause of action accrued in 2000 at the latest.  He did not file this lawsuit until 2006, well after the two-year statute of limitations had run. Therefore, for substantially the same reasons set forth in the magistrate judge's report and recommendation and the district court's order, we **AFFIRM** the dismissal of this action.

Entered for the Court


Monroe G. McKay
Circuit Judge