FILED
United States Court of Appeals
Tenth Circuit

January 11, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

LORENZO FORD,

　　　　Plaintiff-Appellant,

v.

TERRY JENKS, Executive Director,
Oklahoma Pardon and Parole; J.D.
DANIELS, Deputy, Oklahoma Pardon
& Parole,

　　　　Defendants-Appellees.

No. 07-6049

(Case No. CIV-06-394-R)

(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

---

Plaintiff, a state prisoner proceeding pro se, filed this 42 U.S.C. § 1983

action in April 2006, challenging various aspects of Oklahoma's parole

procedures as applied to him. The magistrate judge recommended that

Defendants' motion for summary judgment be granted. After considering

Plaintiff's objections, the district court issued an order adopting the

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.
　　　After examining the briefs and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2). The case is therefore
ordered submitted without oral argument.

recommendation and directing that judgment be entered in Defendants' favor. This appeal followed.

In 1974, Plaintiff was convicted of second degree murder and sentenced to a term of imprisonment of ten years to life. He has been granted parole on this sentence three times. Each time, his parole has been revoked based on parole violations. His parole was most recently revoked in May 2000. Plaintiff was considered for parole in February 2001 and again in February 2004. Both times, all parole board members present voted unanimously to deny parole.

Plaintiff raises four claims regarding Oklahoma's parole procedures. We review the district court's grant of summary judgment on these claims de novo, "applying the same standard the district court should apply under Fed. R. Civ. P. 56(c)." *Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006). We construe Plaintiff's pro se pleadings liberally, but we "will not supply additional factual allegations to round out [his] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Plaintiff first argues that Policy OP-161002 of the Oklahoma Department of Corrections, effective November 1, 2005, should be retroactively applied to him. However, this policy applies only to probationers. A prisoner who, like Plaintiff, has been released early from a term of imprisonment is a parolee, not a probationer. *Compare* Okla. Stat. tit. 22, § 991a (2003) (providing that sentencing court may impose probation when court suspends execution of

sentence) *with* Okla. Stat. tit. 57, §§ 332, 332.2, 332.7 (2004) (providing Oklahoma governor with power to grant parole upon recommendation of parole board to inmate who has completed specified portion of sentence). Policy OP-161002 does not apply to parole violators such as Plaintiff.

Plaintiff next claims he should be placed in an intermediate sanction facility based on retroactive application of Section 516(B) of the Oklahoma statute governing parole violators. Okla. Stat. tit. 57, § 516(B) (2004). This section, which was added to the statute in July 2002, provides that the Department of Corrections may at its discretion offer a parole violator the option of being placed in an intermediate sanctions facility in lieu of having his parole revoked. As the district court noted, this section applies to Department of Corrections officials, not Defendants, who are members of the parole board. Moreover, because this statute is discretionary, it does not create a liberty interest triggering Plaintiff's due process rights. *See Boutwell v. Keating*, 399 F.3d 1203, 1213 (10th Cir. 2005) (holding that liberty interest in parole will be created when state statute sufficiently limits parole board's discretion). Thus, Plaintiff is not entitled to relief on this claim.

Plaintiff's third claim is that he was denied a due process hearing before revocation of his parole. However, the record shows that a probable cause hearing and an executive parole revocation hearing were held before his parole was revoked. On appeal, Plaintiff does not contest Defendants' argument or the

-3-

magistrate judge's conclusion that his hearings satisfied the due process requirements of *Morrissey v. Brewer*, 408 U.S. 471 (1972).

Finally, Plaintiff claims that the 1998 amendments to Oklahoma's parole procedures violate the Ex Post Facto Clause of the Constitution because they reduced the frequency of parole consideration for violent offenders from every year to once every three years. *See* Okla. Stat. tit. 57, § 332.7(D) (2004). However, the magistrate judge correctly determined that this claim was barred by the statute of limitations. When Plaintiff did not receive an annual parole hearing in 2002, he knew or should have known the factual predicate for his claim. *See Traylor v. Jenks*, 223 F. App'x 789, 790-91 (10th Cir. 2007). His claim, which was filed in April 2006, was therefore barred by the applicable two-year statute of limitations. *See Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1998).

For substantially the same reasons set forth in the magistrate judge's report and recommendation and the district court's order, we **AFFIRM** the dismissal of this action. We **GRANT** Plaintiff's motion to proceed *in forma pauperis* on appeal, and we remind Plaintiff of his continuing obligation to make partial payments until his filing fee has been paid in full.

Entered for the Court

Monroe G. McKay
Circuit Judge