**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 12, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LANCE CONWAY WOOD,

      Plaintiff-Appellant,

v.

UTAH BOARD OF PARDONS &
PAROLE, UBPP; KEITH
HAMILTON, in his individual and
official capacity as Chairman of
UBPP; JESSE GALLEGOS, In his
individual and official capacity as a
Member of UBPP; CURTIS GARNER,
In his individual and official capacity
as a Member of UBPP; CHERYL
HANSON, In her individual and
official capacity as a Member of
UBPP; CLARK A. HARMS, In his
individual and official capacity as a
Member of UBPP,

      Defendants-Appellees.

No. 09-4225
(D.C. No. 2:09-CV-643-TC)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

[*] This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Lance Conway Wood, a state prisoner proceeding pro se, brought suit under 42 U.S.C. § 1983, alleging that the defendants had acted under color of state law to violate his constitutional rights. The district court dismissed his complaint for failure to state a claim upon which relief could be granted. Mr. Wood appealed. We affirm the judgment of the district court.

## I. BACKGROUND

Mr. Wood sued the Utah Board of Pardons and Parole[1] under 42 U.S.C. § 1983, alleging that it had acted under color of state law to violate his constitutional rights. He raised three claims. First, Mr. Wood contended that the Board's refusal to grant him a parole rehearing every five years constituted an ex post facto violation. Second, Mr. Wood argued that the Board had infringed his due process rights by knowingly using false information in connection with his parole hearing. Third, Mr. Wood alleged that the Board's use of this false information constituted cruel and unusual punishment in violation of the Eighth Amendment. He sought injunctive relief and money damages.

The district court found that Mr. Wood failed to state a claim upon which relief could be granted and dismissed his suit under 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1]     Mr. Wood also sued several Board members in their individual and official capacities. We refer to the Appellees collectively as the "Board."

Mr. Wood appealed. He also filed a motion to proceed on appeal *in forma pauperis*.

## II. DISCUSSION

The district court determined that the facts stated in Mr. Wood's complaint were insufficient to support any of his claims for relief. This is a legal conclusion, and we review it de novo. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007); *Lustgarden v. Gunter*, 966 F.2d 552, 553 (10th Cir. 1992). "'Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.'" *Kay*, 500 F.3d at 1217 (quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001)). We must accept Mr. Wood's allegations as true and draw any reasonable inferences from those allegations in his favor. *Id.* This is coupled with our duty to construe pro se filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

We first consider Mr. Wood's ex post facto claim. According to Mr. Wood, when he was convicted and sentenced in 1990, Utah regulations entitled him to receive a parole hearing once every five years. These regulations, he alleges, were then amended in 1992 to provide for a rehearing only once every ten years. Mr. Wood argues that the Ex Post Facto Clause, *see* U.S. Const. art. I, § 10, cl. 1 ("No State shall . . . pass any . . . ex post facto Law . . . ."), requires

the Board to provide him with a hearing every five years in accordance with the guidelines in place when he was sentenced.

The district court did not reach the merits of this claim, instead dismissing it based on the affirmative defense of the statute of limitations. This sua sponte treatment is permissible "only when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Fratus v. DeLand*, 49 F.3d 673, 674–75 (10th Cir. 1995) (brackets and internal quotation marks omitted). Here, the district court reasoned from the face of Mr. Wood's complaint that his cause of action accrued in 1992, the year he alleged the regulation was changed. Applying the four-year residual Utah statute of limitations governing § 1983 actions, the district court concluded that Mr. Wood had until 1996 to file his claim. Because this suit was not filed until 2009, the district court concluded that it was time-barred.

We affirm the district court's holding that this claim is time-barred, but under a different rationale. We agree that the time bar is obvious from the face of Mr. Wood's complaint. However, we question the correctness of the district court's conclusion that Mr. Wood's cause of action on his ex post facto claim accrued in 1992—the year that the regulation allegedly changed. Guided by our case law (including non-binding decisions), we adopt a more generous view of the accrual date. Even under that more-generous view, however, Mr. Wood's cause of action is time-barred; therefore, we affirm the district court.

"A civil rights action accrues when facts that would support a cause of action are or *should be* apparent." *Id.* at 675 (emphasis added) (internal quotation marks omitted). In his complaint, Mr. Wood stated that his last parole reconsideration hearing occurred on June 30, 1995. Accepting this statement as true and drawing all reasonable inferences from it in Mr. Wood's favor, we assume that Mr. Wood was not informed at this time that the new ten-year regulation would be applied to him. Under such an assumption, Mr. Wood should have expected to receive his next reconsideration hearing five years later, around June 30, 2000. Thus, when June 30, 2000, came and went without a new hearing, Mr. Wood should have known—even if not before—that the Board was applying the new policy to him. Therefore, we conclude that, at the latest, Mr. Wood's cause of action regarding his ex post facto claim accrued, and the statute of limitations began to run, on June 30, 2000. *See Traylor v. Jenks*, 223 F. App'x 789, 790 (10th Cir. 2007) (finding that prisoner "was aware of the factual predicate for his claim . . . when he was not granted an annual review"); *accord Jones v. Henry*, 260 F. App'x 130, 131 (10th Cir. 2008) (same). Applying Utah's four-year statute of limitations, *see Fratus*, 49 F.3d at 675, Mr. Wood had at most until June 30, 2004, to file a lawsuit asserting his ex post facto claim. However,

Mr. Wood did not file his lawsuit until July 2009. Consequently, we must agree with the district court that this claim is time-barred.[2]

We deal next with Mr. Wood's due process argument. It is well established that, where a state provides a discretionary parole regime, prisoners do not have a liberty or property interest in parole. And with no interest to be infringed, there is nothing for the Due Process Clause to protect. *See Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *Malek v. Haun*, 26 F.3d 1013, 1015 (10th Cir.

---

[2]     On appeal, Mr. Wood states that he "doesn't have access to any Utah case law, or statutes, and he did not become aware of the change in the law until October 16, 2006 when he applied for his (5) year parole hearing date, and was informed of the (10) year change." Aplt. Br. at 3B. He seems by this to argue that his cause of action did not accrue until this date. But Mr. Wood gave no hint of this argument below. We generally do not consider arguments not raised before the district court, and we see no reason to deviate from that rule here. *In re Antrobus*, 563 F.3d 1092, 1101 (10th Cir. 2009). Anyway, even if the Board did not inform Mr. Wood until 2006 that the ten-year rule would apply to him, this does not alter the conclusion above that he should have been aware of the change by June 30, 2000.

Mr. Wood also contends that "if a constitutional violation is ongoing, as in this case, a § 1983 civil rights complaint can be filed beyond the limitations." Aplt. Br. at 3B. This argument also was not raised below. In any case, we have never endorsed such a "continuing violation" theory of ex post facto liability in this context; to the contrary, we have rejected analogous arguments in the past. *See Jones*, 260 F. App'x at 131 ("We reject Plaintiff's argument that each denial of parole consideration is a separate cause of action for statute of limitations purposes."); *see also Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003) (per curiam) (holding that parole board's decision not to reconsider a prisoner for parole "was a one time act with continued consequences, and the limitations period is not extended").

1994) ("[D]ecisions of a parole board do not automatically invoke due process protections."). We have previously stated that Utah's parole system is discretionary in nature,[3] and Mr. Wood does not now contend otherwise. Thus, he cannot establish that he has any due process rights in this context, and we must affirm the district court's dismissal of this claim.[4]

Finally, we consider Mr. Wood's allegation that the use of false evidence in connection with his parole hearing constitutes cruel and unusual punishment. As

---

[3]     "The Utah [parole] statute grants the parole board complete discretion in making parole decisions," and therefore "does not create a liberty interest entitling [a prisoner] to due process protection." *Malek*, 26 F.3d at 1016. The relevant provisions of Utah law have been amended since we described them in *Malek*, but they still provide discretion to the Board in making parole decisions. *See* Utah Code Ann. § 77-27-5 (2008); *id.* § 77-27-9 (Supp. 2009).

[4]     Mr. Wood holds up *Monroe v. Thigpen*, 932 F.2d 1437, 1442 (11th Cir. 1991), for the proposition that it is a violation of due process for a parole board to "rely upon false information in determining whether to grant parole." Of course, we are bound by our own precedent and that of the Supreme Court, and, as discussed above, those authorities indicate that Mr. Wood has no due process rights in this situation. But *Monroe* does not seem to be helpful to Mr. Wood in any case. As one court of appeals has noted,

> [s]ubsequent Eleventh Circuit precedent, while not expressly overruling *Monroe*, has noted that no Due Process rights exist for parole procedures where there is no legitimate expectation of parole. Furthermore, *Monroe* itself limits the "right" which it uncovered to situations where the state admits the use of false information; a prisoner's allegations that false information was used to deny him parole is insufficient, in the absence of such an admission, to state a claim under section 1983.

*Johnson v. Rodriguez*, 110 F.3d 299, 308 n.13 (5th Cir. 1997) (citation omitted).

indicated above, "the Utah parole statute does not create a liberty interest entitling [a prisoner] to due process protection." *Malek*, 26 F.3d at 1016. For this reason, we must affirm the district court's dismissal of Mr. Wood's Eighth Amendment claim. "Because Utah prisoners have no legitimate entitlement to parole prior to the completion of their sentence, neither the denial of parole nor the lack of enforceable parole guidelines can constitute cruel and unusual punishment . . . ." *Id.*; *see also Lustgarden*, 966 F.2d at 555 ("Denial of parole under a statute dictating discretion in parole determination does not constitute cruel and unusual punishment.").

## III.  CONCLUSION

We **AFFIRM** the district court's judgment dismissing Mr. Wood's § 1983 complaint. Because the district court dismissed Mr. Wood's complaint under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted, we assess Mr. Wood one strike for purposes of § 1915(g). *See Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999). We **GRANT** Mr. Wood's motion to proceed on appeal IFP. Mr. Wood is obligated to continue making partial payments on his appellate filing fee until the entire fee is paid.

Entered for the Court

JEROME A. HOLMES
Circuit Judge

-8-