FILED
United States Court of Appeals
Tenth Circuit

April 24, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL LAROY SIMPSON,

  Petitioner - Appellant,

  v.

JERRY CHRISMAN,

  Respondent - Appellee.

No. 13-7081
(D.C. No. 6:13-CV-00046-JHP-KEW)
(E.D. Okla.)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **GORSUCH**, **MURPHY,** and **HOLMES**, Circuit Judges.

---

Michael Simpson, an Oklahoma state prisoner proceeding *pro se*, seeks

permission to appeal the district court's denial of his 28 U.S.C. § 2241 petition.

The matter is before this court on Simpson's request for a certificate of

appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may

be taken from a "final order in a habeas corpus proceeding in which the detention

complained of arises out of process issued by a State court" unless the petitioner

first obtains a COA); *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000)

(holding § 2253(c)(1)(A)'s requirements apply when a state habeas petitioner is

proceeding under § 2241). Because Simpson has not made a "substantial showing

of the denial of a constitutional right," this court **denies** his request for a COA

and dismisses this appeal. 28 U.S.C. § 2253(c)(2) (providing a COA "may issue

. . . only if the applicant has made a substantial showing of the denial of a

constitutional right").

In his § 2241 petition, Simpson asserts Oklahoma violated the Ex Post

Facto Clause of the United States Constitution when, subsequent to his

conviction, it altered how frequently he was considered for parole eligibility.[1]

The district court concluded Simpson had not properly exhausted his state judicial

remedies as to any aspect of these claims. It nevertheless denied the petition on

the merits, concluding the limitations period set out in § 2244(d) began running

no later than 2004, when it became clear Simpson would no longer be entitled to

personally appear before the parole board on a yearly basis.

A COA may issue if Simpson "has made a substantial showing of the denial

of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he

must demonstrate "that reasonable jurists could debate whether (or, for that

matter, agree that) the petition should have been resolved in a different manner or

---

[1]As the district court correctly noted, the third claim set out in Simpson's § 2241 petition challenges the validity of his conviction, rather than the execution of his sentence. On appeal, Simpson explicitly disclaims any intent to challenge the validity of his conviction and asserts he is only challenging the changes Oklahoma made to its parole procedures after his conviction. Thus, we consider Simpson to have explicitly waived the third claim in his § 2241 petition. In any event, it is absolutely clear any relief on claim three is barred by the one-year limitations period set out in 28 U.S.C. § 2244(d), as Simpson's conviction became final in 1996.

that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation omitted). In evaluating a request for a COA, it is not the role of this court to engage in a "full consideration of the factual or legal bases adduced in support of the claims." *Id.* Instead, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each claim. *Id.* at 338. Simpson is not required to demonstrate his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

The district court's resolution of this case is indisputably correct. A court may deny a § 2241 application on the merits without resolving the exhaustion question. *Montez*, 208 F.3d at 866. Furthermore, this court has consistently rejected the application of the continuing violations theory to challenges to the very Oklahoma statutes at issue in Simpson's § 2241 petition. *See, e.g., Ford v. Jenks*, 262 F. App'x 94, 96 (10th Cir. 2008); *Jones v. Henry*, 260 F. App'x 130, 131 (10th Cir. 2008); *Traylor v. Jenks*, 223 F. App'x 789, 790-91 (10th Cir. 2007); *see also Brown v. Ga. Bd. Of Pardons & Paroles*, 335 F.3d 1259, 1262 (11th Cir. 2003) ("[S]uccessive denials of parole do not involve separate factual predicates and therefore do not warrant separate statute-of-limitations calculations."). In any event, this court has previously determined that the relevant changes in Oklahoma law "which extended from one year to three years

the period of time that may elapse for parole eligibility determinations did not violate the Ex Post Facto Clause." *Henderson v. Scott*, 260 F.3d 1213, 1215 (10th Cir. 2001). For these reasons, the district court's resolution of Simpson's petition is not reasonably subject to debate and the claims he seeks to raise on appeal are not adequate to deserve further proceedings.[2] Accordingly, Simpson has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **DENIES** Simpson's request for a COA and **DISMISSES** this appeal. All pending motions are hereby **DENIED**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

---

[2]Given that Simpson's § 2241 petition lacked merit, the district court did not abuse its discretion in denying Simpson's motion for default judgment. *Harvey v. United States*, 685 F.3d 939, 945 (10th Cir. 2012) ("We review a district court's denial of a motion for default judgment for abuse of discretion.").