FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**October 1, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

RICHARD CHAD RANDALL,

    Plaintiff - Appellant,

v.

UTAH BOARD OF PARDONS &
PAROLE,

    Defendant - Appellee.

No. 24-4069
(D.C. No. 4:22-CV-00027-DN)
(D. Utah)

_____

## ORDER AND JUDGMENT*
_____

Before **TYMKOVICH**, **EID**, and **ROSSMAN**, Circuit Judges.
_____

Richard Chad Randall, a state prisoner proceeding pro se, appeals from the

district court's sua sponte dismissal of his civil rights lawsuit. Mr. Randall alleged

that a member of the Utah Board of Pardons and Parole ("UBOP") deleted a section

of the recording from his original parole hearing. He sued UBOP under 42 U.S.C.

§ 1983, claiming that this deletion was a criminal act and violated his due process

---

* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

rights. The district court ordered Mr. Randall to show cause as to why his action should not be dismissed for failure to state a claim, reasoning that Mr. Randall had no substantive liberty interest in parole under the Federal Constitution. After reviewing Mr. Randall's response, the district court dismissed the claims with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). R. Vol. I at 470–73.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's dismissal for substantially the same reasons. Mr. Randall failed to plead a substantive liberty interest. Additionally, the district court correctly found that Mr. Randall's claims were barred by the statute of limitations—a ruling that Mr. Randall acknowledged but did not challenge on appeal. This supplied an independent basis for dismissal.[1]

## I. Background

Mr. Randall is serving a thirty-year-to-life sentence. R. Vol. I at 446. At his March 2018 parole hearing, the hearing officer questioned whether Mr. Randall agreed with the narrative in his presentence investigation report. R. Vol. I at 334. Although Mr. Randall at first disputed the narrative, he eventually conceded that it was accurate. R. Vol. I at 334. UBOP then scheduled his next parole hearing for 2039.

---

[1] Mr. Randall did not challenge the district court's other decisions in his opening brief. Consequently, we affirm those rulings without further discussion. *See, e.g.*, *Johnson v. Johnson*, 466 F.3d 1213, 1215 (10th Cir. 2006) (affirming district court's unchallenged rulings without discussion).

Two months later, Mr. Randall bought an audio recording of that hearing.  He alleges that parts of his responses were omitted from the recording, which misrepresented the substance of his testimony.  He then filed this lawsuit.  After screening the complaint under 28 U.S.C. § 1915A, the district court ordered Mr. Randall to show cause as to why his complaint should not be dismissed for failure to state a claim.  Mr. Randall responded that a "proper construction of [his] complaint" would focus on "the process that [the] defendants used and whether or not it reflected the requisite due process."  R. Vol. I at 456 (citing *Preece v. House*, 886 P.2d 508, 512 (Utah 1994)).  Mr. Randall contended that a "process which includes record falsification cannot possibly provide the due process required."  R. Vol. I at 456.  The district court dismissed the complaint, concluding that since parole is a privilege, not a right, UBOP's decision-making process—regardless of the alleged deletion—could not have violated Mr. Randall's federal constitutional rights.  Mr. Randall timely appealed.

## II. Analysis

### A.    *Standard of Review*

When reviewing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii), we apply the same standards as we do for dismissals under Federal Rule of Civil Procedure 12(b)(6).  *See Hooks v. Atoki*, 983 F.3d 1193, 1200 (10th Cir. 2020) (quoting *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007)).  Accordingly, we review de novo the district court's decision, evaluating "the specific allegations in the complaint to determine whether they plausibly support a legal claim

3

for relief." *Id.* Mr. Randall proceeds pro se, so we liberally construe his pleadings and filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217.

That said, our liberal construction of pro se filings is "not without limits." *See id.* at 1218. We expect pro se litigants to follow "the same rules of procedure that govern other litigants." *Id.*

### B.    Application

After applying the relevant standards, we affirm the district court's decision for at least three reasons.

*First*, Mr. Randall's pro se complaint failed to plead a federally protected interest, which a federal due process claim requires. "Once a plaintiff has established a property or liberty interest, the right to due process attaches." *Castanon v. Cathey*, 976 F.3d 1136, 1143 (10th Cir. 2020). A validly convicted person has no federal legitimate claim of entitlement to conditional release "before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). And here, Mr. Randall is serving a thirty-year-to-life sentence. R. Vol. I at 446. Moreover, we have repeatedly held that the Utah parole statute "does not create a liberty interest entitling prisoners to federal constitutional protection." R. Vol. I at 451 (citing *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994)); *Straley v. Utah Bd.*

4

*of Pardons*, 582 F.3d 1208.[2]  To be sure, Mr. Randall contends his interest lies in "an impartial hearing" process, not necessarily the outcome.  Aplt. Br. at 8.  But process is "not an end in itself" and is not actionable without "a substantive interest to which the individual has a legitimate claim of entitlement."  *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983).  Because a federal liberty interest in parole only arises when a prisoner has a "legitimate claim of entitlement," *Straley*, 582 F.3d at 1214–15, and Mr. Randall has no legitimate claim of entitlement to parole under federal law or Utah's statutes, the district court correctly concluded that no liberty interest arose from the parole outcome or the parole process.  R. Vol. I at 471–72 (decision and dismissal order); *see also* R. Vol. I at 457 (memorandum opinion).  Thus, the district court properly dismissed Mr. Randall's claims.[3]

---

[2]  Prior panels of this Court have acknowledged that "[t]he relevant provisions of Utah law have been amended since we described them in *Malek.*"  *Wood v. Utah Bd. of Pardons & Parole*, 375 F. App'x 871, 874 n.3 (10th Cir. 2010).  But these panels have interpreted the amended statutes to grant the Board the same discretion in making parole decisions that was central to the *Malek* decision.  *See, e.g.*, *id.*; *Romero v. Nelson*, 807 F. App'x 766, 770 (10th Cir. 2020) (concluding that *Malek* remains binding because the statutes retain the same permissive language).  We also conclude that *Malek* governs this issue.

[3] Mr. Randall's asserted right to an "impartial hearing," which was allegedly violated when a board member "altered [his] recorded testimony," is based on both Utah Admin. Code r. R671-309-1-1 and Utah Code Ann. § 77-27-8.  *See* R. Vol. I at 28-29 (indicating provisions).  But Utah Admin. Code r. R671-309-1-1 prohibits ex parte communications by parole Board members and does not regulate the alteration of hearing records.  Thus, even assuming this provision creates a constitutionally protected liberty interest, it is not the interest Mr. Randall asserts.  *Cf. Thomas v. Gibson*, 218 F.3d 1213, 1223 (10th Cir. 2000) (explaining that even assuming a state provision created a liberty interest, the interest was not the one the petitioner asserted).  Even if we construed Mr. Randall's complaint as alleging an interest under Utah Code Ann. § 77-27-8, which mandates a verbatim record of parole hearings, his

*Second*, Mr. Randall failed to challenge the district court's statute of limitations ruling, which served as an alternative basis for the district court's dismissal order. A sua sponte dismissal under 28 U.S.C. § 1915A(b)(1) based on the statute of limitations is proper only when the defense is obvious from the face of the complaint, and the record requires no further factual development. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006). Utah's four-year residual statute of limitations governs suits brought under § 1983. *See Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) (citing Utah Code Ann. § 78–12–25(3)). The district court observed that "circumstances underlying these claims appear to have occurred more than four years before this case was filed," R. Vol. I. at 452, and that Mr. Randall's filings were post-marked "nine days after the four-year statute of limitations expired," R. Vol. I at 453. The district court thus proposed the statute of limitations as an "alternative basis" for dismissal.

We have no reason to question this decision. Mr. Randall did not challenge the district court's "alternate ground" for its decision. *Starkey ex rel. A.B. v. Boulder Cnty. Soc. Servs.*, 569 F.3d 1244, 1252 (10th Cir. 2009). Even if we charitably construed Mr. Randall's brief as attempting to challenge this ruling, he only cursorily states that the district court "made no mention of any [other] grounds" for dismissal. Aplt. Br. at 9. This is inaccurate. *See* R. Vol. I at 452-53 (proposing alternative dismissal); R. Vol. I. at 471 (confirming results). And in any event, it does not

---

claim would fail for similar reasons. As discussed below, the Utah Code Ann. § 77-27-8 allows the Board to dispense with a record in some cases.

"explain what was wrong with the reasoning that the district court relied on in reaching its decision." *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015). Moreover, Mr. Randall's efforts to secure pro bono counsel and "the nearing statute of limitations," Aplt. Br. at 1, do not establish a factual basis for tolling the statute. *See Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980); *Fratus*, 49 F.3d at 675 n.2. Dismissal was thus appropriate.

*Third*, and finally, Mr. Randall's speculative allegations do not provide a plausible basis for relief for his § 1983 claim. Charitably construed, Mr. Randall alleges UBOP members violated his right to an "impartial hearing" by "altering [his] recorded testimony." *See* R. Vol. I at 255 (indicating Utah Code Ann. § 77-27-8(1)). But Utah law permits UBOP to "dispense[] with a record in a particular hearing or a portion of the proceedings," Utah Code Ann. § 77-27-8(1), and does not require UBOP to base that decision "on objective and defined criteria." *Elwell v. Byers*, 699 F.3d 1208, 1214 (10th Cir. 2012). Since UBOP "is not required to base its decisions on objective and defined criteria," we cannot conclude that Utah Code Ann. § 77-27-8(1) creates a constitutionally protected liberty interest. Even assuming a protectable interest could arise from this provision, Mr. Randall failed to plausibly allege a "mistaken or unjustified" deprivation of it. *Carey v. Piphus*, 435 U.S. 247, 259 (1978). The omission of a portion of the proceedings alone could equally result from UBOP's lawful exercise of statutory discretion, providing an "obvious alternative explanation" to misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009).

Mr. Randall's allegations that UBOP officials altered the recording of his testimony to justify their parole decision does not change this result. R. Vol. I at 123. We have repeatedly considered allegations of conspiracy to be conclusory and insufficient to support a § 1983 claim absent specific facts showing agreement and concerted action. *See, e.g.*, *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989); *Sooner Prod. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983). And where, as here, the state officials are "immune from suit," the standard is stricter. *Sooner Products Co.*, 708 F.2d at 512.[4] Even though Mr. Randall did not formally plead a cause of action involving conspiracy, his allegations of fact imply concerted conduct. But without more facts, they cannot support his § 1983 claim. *See, e.g.*, *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (rejecting allegations of concerted action under § 1983 where no *formal* conspiracy was pleaded because the plaintiff failed to provide specific facts showing agreement or collaboration among the defendants)*; see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568-69 (2007). Dismissal is appropriate.

---

[4] Mr. Randall did not challenge the district court's conclusion that the UBOP members are immune from suit, R. Vol. I at 451, in his opening brief.

### III. Conclusion

We AFFIRM the district court's decision to dismiss Mr. Randall's complaint with prejudice for failure to state a claim upon which relief may be granted.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge